1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MATT JAMES FULFORD,

11          Petitioner,                    No. CIV S-07-1595 FCD GGH P

12       vs.

13   IVAN CLAY,

14          Respondent.              ORDER

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed this application for a writ

17   of habeas corpus pursuant to 28 U.S.C.  § 2254.  The matter was referred to a United States

18   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

19          On March 25, 2008, the magistrate judge filed findings and recommendations

20   ("F&R")  herein which were served on all parties and which contained notice to all parties that

21   any objections to the findings and recommendations were to be filed within twenty days.

22   Respondent has filed objections to the findings and recommendations.

23          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-

24   304, this court has conducted a de novo  review of this case.  Having carefully reviewed the

25   entire file, the court finds the findings and recommendations to be supported by the record and

26   by proper analysis.

1

1       The court acknowledges that in this case where petitioner challenges the sufficiency of

2 the evidence to support his 2005 conviction for felony hit and run, AEDPA standards require the

3 court to pay a high level of deference to the state court's decision upholding petitioner's

4 conviction.  However, the court agrees with the magistrate judge that compelling grounds exist

5 to grant the instant habeas petition.  The state court unreasonably determined that a rational jury

6 could have found petitioner guilty of the subject offense on the evidence presented at trial.

7 Indeed, at the crux of this case is the fact that *no* evidence, other than the prosecutor's closing

8 argument which is clearly *not* evidence, established any likelihood that a person would be in the

9 parked car at the time of the collision.  To establish petitioner's guilt, the prosecution had to

10 prove, beyond a reasonable doubt, that petitioner knew he caused injury to a person or that he

11 knew that the accident was of such a nature that one would reasonably anticipate that it resulted

12 in injury to a person.

13       Here, there was no evidence presented by the prosecution to establish petitioner's actual

14 knowledge of the person in the parked car, and there was likewise no evidence presented to

15 establish petitioner's constructive knowledge, beyond a reasonable doubt.  As the magistrate

16 judge emphasized in his order, contrary to the prosecutor's comments in closing argument that

17 "[p]eople were coming to and fro . . . [in this residential neighborhood]" and that at the time of

18 the collision "people [were] in and about their vehicles and homes and driveways and

19 residences," there was no evidence presented at trial to establish these critical facts.  (F&R at 7-

20 8.)  Rather, the only evidence about the scene of the collision was that it occurred in a residential

21 area; significantly, there were no eyewitnesses to the collision itself.  Also particularly

22 significant to the issue of constructive knowledge is that petitioner hit the passenger side of the

23 victim's car, and there was no evidence to support a theory that after the car swung around,

24 petitioner could have easily seen the victim, who was sitting in the driver's seat.  The evidence

25 adduced at trial was that the car, even after being hit, only presented itself to petitioner (when he

26 glanced back at the scene) on the passenger side.

1    It is certainly correct, as found by the state court, that the circumstances of an accident

2  could demonstrate that a person should reasonably anticipate that he had injured someone, but

3  important to this case is whether the circumstances of the accident demonstrate that it was

4  reasonable to anticipate that a person was in the *parked* car that petitioner hit.  Had the

5  prosecutor established by admissible evidence her theory of the case recounted in her closing

6  argument, the result here may well be different.  However, such a showing was not made in this

7  case, and the court must therefore grant, as recommended by the magistrate judge and as more

8  fully discussed in his findings and recommendations, petitioner's habeas petition.

9          Accordingly, IT IS HEREBY ORDERED that:

10          1.  The findings and recommendations filed March 25, 2008, are adopted in full;

11  and

12          2.  Petitioner's application for a writ of habeas corpus is granted; within thirty

13  days of the date of this order, respondent shall either release petitioner from custody or initiate

14  proceedings for a retrial.

15  DATED: May 28, 2008.

16

17  _____
    FRANK C. DAMRELL, JR.

18      UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

3